### VAN WAGNER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   February 24, 1899.)

STREET RAILROADS—NEGLIGENCE—REVIEW.
> Where, in an action against a street-railway company for injuries sustained, a preponderance of the evidence shows no negligence of defendant, plaintiff cannot recover.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Martha Van Wagner against the Metropolitan Street-Railway Company to recover for injuries sustained while a passenger of defendant.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.

Mayer & Gilbert, for respondent.

MacLEAN, J.   To support her complaint, the plaintiff testified that being a passenger in, and desiring to alight at the northerly crossing of Seventh avenue and Forty-Seventh street from, a car of the defendant, she signaled the conductor to bring the car to a stop, which he did; and then, while one of her feet was upon the step, and she was in the act of alighting, turning to take a child from a seat, the car was started suddenly, throwing her down, and doing her injury. The plaintiff was her own and sole witness.   That the car had reached the northerly crossing of Forty-Seventh street, or had come to a standstill before the plaintiff left or attempted to leave it, was denied by the conductor and by three of her fellow passengers, apparently in no wise interested in the matter, each of the four testifying that she began to, and actually did, leave the car in the middle of Forty-Seventh street, and while it was still in motion.   The driver of the car, who, as he said, did not see the occurrence, testified that, having stopped at the northerly crossing of Forty-Seventh street (his first stop above Forty-Fifth street), he looked back to see what was delaying his conductor, and saw him and the lady standing in the middle of Forty-Seventh street, between the north and south crossings.   With such a preponderance of evidence against her, the plaintiff failed to sustain the burden of proof incumbent upon her.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs.   LEVENTRITT, J., taking no part.